## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| ALDEN J. BOUZA, JR., | Case No. 1:25-cv-10260 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | |
| BAY CITY POLICE DEPARTMENT, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |
| _____/ | |

### REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS CASE

**I.   RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Plaintiff Alden J. Bouza, Jr.'s complaint, *sua sponte*, under 28 U.S.C. § 1915(e)(2).

**II.   REPORT**

    **A.   Background**

This is the first of two cases filed by Bouza on January 28, 2025. The second has been assigned case number 1:25-cv-10261.

On February 4, 2025, the Court referred this case to the Undersigned for all pretrial matters. (ECF No. 4). The next day, the Undersigned granted Bouza's motion to proceed *in forma pauperis* ("IFP"). (ECF No. 5). The Undersigned has

1

now reviewed his complaint and recommends that the Court dismiss this case on its own accord. A separate Report and Recommendation will be entered in Bouza's second case recommending the same result.

In this case, Bouza alleges that his constitutional rights were violated during an arrest. (ECF No. 1, PageID.1). He says that on July 3, 2024, he called 911 for assistance and that the responding officers—Defendant WojeWoda and Defendant Kieliszewski—arrested him. (*Id.*). During the arrest, Bouza suffered an injury to his right eye. (*Id.*).

Bouza does not provide many details about this incident. It is unclear from the face of his complaint why he called 911, who did what during his arrest, and why he believes that the alleged actions of the two officers were caused by their employing municipality's failure to adequately train them. Bouza checked boxes on the form complaint indicating that his claims were brought against WojeWoda and Kieliszewski only in their official capacities. (*Id.* at PageID.3).

B.   **Legal Standard**

Because Bouza proceeds IFP, he subjects this case to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of [his] claims that would entitle [him] to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

C. **Analysis**

Bouza's complaint does not satisfy Federal Rule of Civil Procedure 8. To state

a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Further, the allegations must be set forth in "simple, concise, and direct" manner. Fed. R. Civ. P. 8(d)(1). Ultimately, "[a] complaint must contain more than legal labels, conclusions, or a recitation of the elements of a cause of action, and it must also contain 'enough facts to state a claim to relief that is plausible on its face.'" *Lipsey v. 74th Jud. Cir. Ct.*, No. 1:22-CV-10471, 2022 WL 2402661, at *2 (E.D. Mich. Mar. 29, 2022) (quoting *Twombly*, 550 U.S. at 570), *report and recommendation adopted*, 2022 WL 2841473 (E.D. Mich. July 20, 2022)

As mentioned above, Bouza's complaint does not provide a detailed narrative of the underlying incident. Bouza does not explain why he called 911. He does not explain what happened when the officers arrived. He does not explain which officer injured his eye. Simply put, Bouza does not provide enough information to state a plausible claim for relief.

Because Bouza is suing WojeWoda and Kieliszewski in their official rather than individual capacities, he must also satisfy the specific pleading requirements for a claim against a municipality. To do so here, he must plead facts establishing the elements of a failure-to-train claim. Such a claim "requires a showing of prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular

4

area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (cleaned up). Bouza has "not set forth *any* facts that there were prior instances of similar misconduct so as to show that the [municipality] was on notice that its training and supervision with respect to the use of force" during arrests was deficient. *Id.* (emphasis in original).

In sum, Bouza's complaint does not contain sufficient facts to state plausible claims against WojeWoda and Kieliszewski. Accordingly, the complaint should be dismissed under § 1915(e)(2).

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Bouza's complaint, *sua sponte*, under 28 U.S.C. § 1915(e)(2).

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this R&R to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 20, 2025                    s/PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge