UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALDEN J. BOUZA, JR.,

        Plaintiff,          Case No. 1:25-cv-10260

v.

        Honorable Thomas L. Ludington
BAY CITY POLICE DEPARTMENT, *et al*.      United States District Judge

        Defendants.          Honorable Patricia T. Morris
                      United States Magistrate Judge
_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

As alleged, on July 3, 2024, Bay City Police Officer "Wojewoda" and Bay City Police Sergeant "Kieliszewski" "unlawfully arrested and unlawfully incarcerated" Plaintiff Alden Bouza, Jr., and engaged in unidentified "police misconduct." ECF No. 1 at PageID.1. Accordingly, on January 28, 2025, Plaintiff filed a *pro se* Complaint against Defendants Wojewoda and Kieliszewski in their official capacities, alleging both Defendant deprived Plaintiff of his Fourth Amendment rights. *Id.* at PageID.3–5. Although difficult to discern, Plaintiff's Complaint seemingly alleges he was the "*victim*" of assault the day he was arrested, and Defendants mistakenly arrested and incarcerated him, instead of the real "aggressor." *See id.* at PageID.1–5 (emphasis added).

On February 4, 2025, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris, ECF No. 4. The next day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis* (IFP). ECF No.5. But proceeding IFP subjects Plaintiff's Complaint to the Prisoner Litigation Reform Act's screening requirements. Indeed, the PLRA counsels courts to dismiss IFP complaints that (i) are frivolous or malicious, (ii) fail to state a claim on which relief may be granted, or (iii) seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

After screening Plaintiff's IFP Complaint, Judge Morris issued a report (R&R) recommending this Court *sua sponte* dismiss it for failure to state a claim. ECF No. 6. Judge Morris reasoned that Plaintiff "does not provide a detailed narrative of the underlying incident," "does not explain why he called 911" on July 3, 2024, and "does not explain what happened when the officer [Defendants] arrived." *Id.* at PageID.28 (citing FED. R. CIV. P. 8). Moreover, Judge Morris noted that—although he sues Defendants in their official capacities—Plaintiff does not plead any facts sufficient for municipal § 1983 liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See id.* at PageID.28–29.

In accordance with Civil Rule 72(b)(2), Judge Morris provided the Parties fourteen days to object. *Id.* at PageID.29. The Parties did not do so. Thus, they have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Morris's R&R.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 6, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

**This is a final order and closes the above-captioned case.**

Dated: March 12, 2025          s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge